IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DR. MAGDALINA KALINCHEVA, M.D.;<br><br>Plaintiff,<br><br>vs.<br><br>JESSE NEUBARTH, VALENTYNA LEZOVITSKAYA, child; E. ANDREW WALTON, JERALD MASON, all from Avenue Realty; CHICAGO TITLE COMPANY, DONALD A. MACHADO, MICHELLE HULLIGAN, JANE DOE, Trini women 2 kids Manteca CA; TODD CORREN, and JOHN DOE, Renters at 535 W Vine St., 9-12;<br><br>Defendants. | **8:15CV44**<br><br>**MEMORANDUM AND ORDER** |
| DR. MAGDALINA KALINCHEVA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE NEUBARTH, VALENTYNA LEZOVITSKAYA, child; JERALD MASON, all from Avenue Realty; CHICAGO TITLE COMPANY, DONALD A. MACHADO, JANE DOE, Trini woman 2 kids Manteca CA; JOHN DOE, Renters at 535 W Vine St, 9-12; and MICHELLE HULLIGAN, Spetter Vandal;<br><br>Defendants. | **8:15CV45**<br><br>**MEMORANDUM AND ORDER** |
| DR. MAGDALINA KALINCHEVA, M.D.;<br><br>Plaintiff,<br><br>vs.<br><br>JESSE NEUBARTH, VALENTYNA LEZOVITSKAYA, child; TODD CORREN, E. | **8:15CV46**<br><br>**MEMORANDUM AND ORDER** |

| |
|---|
| ANDREW WALTON, MARGARETH JOHNSTON, KAREN RUBINGER, WARREN OSGOOD, KAREN HULL, and CHICAGO TITLE COMPANY, <br><br>                    Defendants. |

The above-captioned cases are before the Court on what the Court construes as a Motion to Reopen and Add Removed Cases ("Motion to Reopen"), Filing No. 168, Case No. 8:15CV44; Filing No. 45, Case No. 8:15CV45; Filing No. 60, Case No. 8:15CV46, a Motion to Waive Fees, Filing No. 169, Case No. 8:15CV44; Filing No. 46, Case No. 8:15CV45; Filing No. 61, Case No. 8:15CV46, and a Supplement to both Motions, Filing No. 170, Case No. 8:15CV44; Filing No. 47, Case No. 8:15CV45; Filing No. 62, Case No. 8:15CV46,[1] which Plaintiff Magdalina Kalincheva ("Kalincheva") e-mailed to the Court on August 12, 2024. The captions of both Motions and the Supplement list all three of the above-captioned case numbers, so the Court docketed them in each of the three cases. For the reasons that follow, both Motions are denied, and the Court finds that filing restrictions should be imposed on Kalincheva.

## I.  BACKGROUND

Kalincheva filed these three cases on January 30, 2015, and was granted leave to proceed in forma pauperis. On February 10, 2015, the Court entered orders and judgments dismissing each case with prejudice because Kalincheva's rambling and incoherent pleadings failed to establish personal jurisdiction over herself or Defendants as none of the parties resided in Nebraska and none of the events giving rise to her allegations arose in Nebraska. In addition, the Court found it lacked subject-matter

---

[1] Throughout this Memorandum and Order, citations to the record will be to Case No. 8:15CV44 unless otherwise noted.

2

jurisdiction over Kalincheva's Complaints because she had not alleged the parties reside in different states and had not identified a discernible cause of action under federal law. Filing No. 8, Case No. 8:15CV44; Filing No. 7, Case No. 8:15CV45; Filing No. 7, Case No. 8:15CV46.  Kalincheva prosecuted appeals in each case, and the Eighth Circuit Court of Appeals affirmed all three judgments of dismissal.  Kalincheva continued to file various post-judgment motions and appeals in her cases without success, and the last order and mandate from the Eighth Circuit Court of Appeals dismissing Kalincheva's petition for extraordinary writ was entered in each case on October 9, 2020.  Filing Nos. 166 & 167, Case No. 8:15CV44; Filing Nos. 43 & 44, Case No. 8:15CV45; Filing Nos. 58 & 59, Case No. 8:15CV46.

Now, almost four years after the last activity in this case, Kalincheva filed the present motions.

## II.  DISCUSSION

In total, Kalincheva's Motions and Supplement contain seventy-nine pages and are rambling and difficult to understand.  The Motion to Reopen consists of a civil cover sheet and a sixteen-page pleading captioned "Civil Cover Sheet JS-44, Attachment JS-44" that, as best the Court can tell seeks to reopen her cases in this Court and join two removed California state civil cases with these actions.  Filing No. 168.  The forty-three page Motion to Waive Fees appears to seek, inter alia, to prospectively waive all filing and PACER fees for anything Kalincheva files nationwide.  Filing No. 169.  The Supplement, which Kalincheva labels "Addendum A," consists of screenshots of PACER and CM/ECF menu options, social media posts, excerpts from case law and a legal brief,

and a screenshot of a news article regarding the Washington Attorney General's recovery of stolen COVID jobless benefits funds.  Filing No. 170.

Upon examination of her filings, it appears Kalincheva is a California resident who complains of "RICO crimes" beginning in 1991, which have allegedly caused her to be separated from her family.  Among other things, Kalincheva mentions genocide, terrorism, theft of property valued at trillions of dollars, including her home in Stockton, California, extreme poverty, and the murder of her parents.  She lists a series of federal statutes and regulations and, in the captions of her filings, names a series of defendants—including "Satan from another planet," U.S. Consul Walton E. Andrew, an airport in Bulgaria, several social services providers in California, the IRS, and California Superior Courts in various counties. Kalincheva complained of similar matters in her original Complaints and named some of the same parties as those included in her present Motions and Supplement.  *See* Filing No. 1, Case No. 8:15CV44; Filing No. 1, Case No. 8:15CV45; Filing No. 1, Case No. 8:15CV46.

Even with the most liberal construction, it is impossible to discern any articulable basis upon which Kalincheva would be entitled to relief from the judgments entered in these cases over nine years ago.  The allegations of Kalincheva's Motions are lacking in coherence and plausibility.  As with her original Complaints, the subject matter and issues presented in her Motions and Supplement fail to establish the Court's personal jurisdiction over Kalincheva or any of the listed defendants as none reside in Nebraska and none of the events described in her filings have any connection to Nebraska.  In short, Kalincheva's Motions are frivolous, she is not entitled to the relief she seeks, and her Motions are, therefore, denied.

The Court notes that Kalincheva has a history of filing incoherent and frivolous lawsuits nationwide similar to the present matters. *See, e.g.*, *Kalincheva v. Neubarth*, No. 1:14-CV-01262-LJO, 2014 WL 5106432, at *1 n.1, *3–*5 (E.D. Cal. Oct. 10, 2014) (dismissing claims for failure to state a claim, collecting prior dismissals, and warning that other actions lacking merit could result in pre-filing restrictions); *Kalincheva v. Neubarth*, No. CIV.A. 13-40110-TSH, 2013 WL 5524815, at *1-4 (D. Mass. Oct. 2, 2013) (dismissing for lack of jurisdiction, collecting prior dismissals, and warning of prefiling restrictions); *Kalincheva v. Neubarth*, No. 2:13-CV-00416-PPS, 2013 WL 6170879 (N.D. Ind. Nov. 21, 2013) (denying Plaintiff's motion to proceed in forma pauperis upon finding the court lacked jurisdiction and "the complaint [was] frivolous and fail[ed] to state a claim upon which relief can be granted"). Kalincheva has also been warned in several of those cases that continued filing of frivolous pleadings would result in the imposition of pre-filing restrictions. *See, e.g.*, *In re Kalincheva*, No. 2:24-MC-50711-TGB-EAS, 2024 WL 2947246, at *1 (E.D. Mich. June 11, 2024). Indeed, one district court recently barred Kalincheva from filing future in forma pauperis actions without first obtaining leave of court. *United States for Kalincheva v. Neubarth*, No. 3:23-CV-394-B-BK, 2023 WL 2696211 (N.D. Tex. Mar. 14, 2023), *report and recommendation adopted*, No. 3:23-CV-394-B-BK, 2023 WL 2701491 (N.D. Tex. Mar. 29, 2023).

This Court too has repeatedly warned Kalincheva that "[f]iling frivolous motions could result in further action by this court, including the imposition of sanctions including, but not limited to, filing restrictions." Filing No. 12, Case No. 8:15CV44; Filing No. 11, Case No. 8:15CV45; Filing No. 11, Case No. 8:15CV46; *see also* Filing No. 108; Filing No. 144. The Court concludes that Kalincheva's latest submission of incoherent, frivolous

5

filings to this Court in these long-closed cases despite the Court's previous admonishments against doing so warrants restrictions on Kalincheva's future filings in this Court. Accordingly, the Court will now impose filing restrictions upon Kalincheva as follows: from this point forward, Magdalina Kalincheva shall file no further pro se filings in the United States District Court for the District of Nebraska regarding matters related to the claims raised in the above-captioned closed cases or that have no discernible connection to events or parties located within the District of Nebraska. If Kalincheva submits a filing contrary to this Memorandum and Order, the Court will direct the Clerk of the Court to return the proposed filing to Kalincheva without filing it.

IT IS THEREFORE ORDERED that:

1. Kalincheva's Motion to Reopen and Add Removed Cases, Filing No. 168, Case No. 8:15CV44; Filing No. 45, Case No. 8:15CV45; Filing No. 60, Case No. 8:15CV46, and Motion to Waive Fees, Filing No. 169, Case No. 8:15CV44; Filing No. 46, Case No. 8:15CV45; Filing No. 61, Case No. 8:15CV46, are denied.

2. The Court imposes the following filing restrictions upon Kalincheva: from the date of this Memorandum and Order and going forward, Magdalina Kalincheva shall file no further pro se filings in the United States District Court for the District of Nebraska regarding matters related to the claims raised in her closed cases, 8:15CV44, 8:15CV45, and 8:15CV46, or that have no discernible connection to events or parties located within the District of Nebraska.

3. Any future filing submitted by Magdalina Kalincheva shall be referred to the Supervising Pro Se Judge, or his successor, for review, and the Clerk of the Court is directed not to file any such submission until this review has been completed.

4.     The Supervising Pro Se Judge shall review any such tendered submission, and if it is determined that the submission is filed in contravention of this Memorandum and Order, then the submission shall be returned to Plaintiff without filing. A record of any such submission and return shall be maintained by the Clerk in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

Dated this 15th day of August, 2024.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge